UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| Bar Harbor Bank & Trust,<br><br>       Plaintiff<br>v.<br><br>Midlife Crisis (O.N. 1195714), her engines, machinery, equipment, masts, sails, etc.,<br>       *in rem*,<br><br>and<br><br>Joshua J. Clough,<br>       *in personam*,<br><br>       Defendants | Civil Action<br>Docket No. |

**VERIFIED COMPLAINT TO FORECLOSE**
**PREFERRED SHIP MORTGAGE**

NOW COMES Plaintiff, Bar Harbor Bank & Trust ("BHB"), by and through its counsel, and as and for its Verified Complaint against the above noted Defendants states as follows:

**JURISDICTION**

1. This is a case of admiralty or maritime jurisdiction as hereinafter more fully appears, and this is an admiralty or maritime claim within the meaning of Rule 9(h), F.R.Civ.P.

2. Jurisdiction of this court is invoked pursuant to 28 USC §§ 1331 and 1333, and to the extent necessary, the Court's supplemental jurisdiction, 28 USC § 1367.

1

## VENUE

3. Venue is properly laid in this Court, in that Defendant Midlife Crisis (O.N. 1195714), her engines, machinery, equipment, masts, sails, etc. ("Midlife Crisis") is, or will be at the time of her arrest, within the District of Maine and the jurisdiction of this Court, and Defendant Joshua J. Clough ("Clough") is a resident of Deer Isle, County of Hancock, State of Maine. 28 U.S.C. §1391.

## PARTIES

4. BHB is a community bank duly organized and existing pursuant to the laws of the State of Maine and with a place of business in Bar Harbor, Maine.

5. Midlife is, and at all times relevant to this action was, a vessel documented under the laws of the United States and is now, or will be, within the Town of Stonington, in the District of Maine, and within the jurisdiction of this Court.

6. Clough is, and at all times relevant to this matter was, the owner of Midlife Crisis).

## COUNT I

7. Clough executed a Business Loan Agreement dated July 7, 2020 ("Agreement") and a Promissory Note of the same date ("Note") in the principal amount of $120,000.

8. To secure the obligations contained in the Agreement and Note, Clough granted BHB a First Preferred Ship Mortgage dated July 7, 2020 (the "Mortgage").

9. Pursuant to the terms of the Mortgage, Clough was required to keep adequate insurance on Midlife Crisis.

10. Clough initially procured adequate insurance from The Hanover Insurance Company insuring Midlife Crisis.

11. By notice mailed on December 5, 2022, Hanover Insurance Company sent Clough a Notice of Nonrenewal of Insurance that terminated the insurance coverage on Midlife Crisis on February 18, 2023.

12. Despite request by BHB, Clough has failed to cure his default under the Mortgage; and accordingly, BHB has accelerated the balance owed under the Agreement and Note.

## COUNT II

13. Notwithstanding the request by BHB, Clough has failed to pay BHB the amounts due under the Note.

14. As of February 21, 2024, Clough was indebted to BHB under the Note in the amount of $83,570.59, with additional interest and costs of collection, including attorney's fees, accruing thereafter.

THEREFORE, Bar Harbor Bank & Trust requests:

A. That a warrant for the arrest of the Midlife Crisis (O.N. 1195714), her engines, machinery, equipment, masts, sails, etc., may issue, and that all persons claiming any interest therein be cited to appear and answer the matters aforesaid, and that the Midlife Crisis (O.N. 1195714), her engines, machinery, equipment, masts, sails, etc., may be condemned and sold to pay the amounts stated above

aforesaid, with interest and costs, and to pay any and all other amounts due to BHB with interest and costs, and that BHB may have such other and further relief as the court deems just and equitable.

      B.      Declare that the Mortgage on the Midlife Crisis (O.N. 1195714) is a valid and existing preferred ship mortgage prior and superior to the interest, liens or claims of any and all persons, firms or corporations whatsoever.

      C.      That the Court award judgment to BHB against Defendants for the amount of $83,570.59, plus interest, attorney's fees, and costs.

      D      That in default of the payment of the sums found to be due and payable by Defendants within the time to be limited by a decree of this Honorable Court, together with a sum sufficient to pay the cost of or for this suit, it may be decreed that any and all persons, firms, and corporations claiming any interest in the Midlife Crisis (O.N. 1195714), her engines, machinery, equipment, masts, sails, etc., and every part thereof, are forever barred and foreclosed of and from all right and equity of redemption or claim of, in, or to the Midlife Crisis (O.N. 1195714), her engines, machinery, equipment, masts, sails, etc., and every part thereof.

      E.      That this Court may direct the manner in which actual notice of the commencement of this suit shall be given by the Plaintiff to the master, other ranking officer or caretaker or the Midlife Crisis (O.N. 1195714), and to any person, firm, or corporation who has recorded a Notice of Lien of an undischarged lien upon the vessel pursuant to the Commercial Instruments and Maritime Lien Act, 46 USC §13321 *et seq.*, as amended.

      F.      That this Court award BHB such other and further relief as it may deem just and equitable.

Dated: April 1, 2024                                      /s/ Daniel L. Cummings  
                                                                   Daniel L. Cummings  
                                                                   Attorney for the Plaintiff

Norman Hanson & DeTroy, LLC  
P.O. Box 4600  
Portland, ME  04112-4600  
dcummings@nhdlaw.com  
(207) 774-7000

# VERIFICATION

State of Maine
Penobscot County

    I, Kathleen Spruce, being duly sworn, deposes and says:

    1.    I am the AVP, Portfolio Manager of Managed Assets at Bar Harbor Bank & Trust, and I am responsible for the within matter. I have read the foregoing complaint and know the contents thereof, and the same is true of my own knowledge, except as to the matters therein stated to be upon information and belief, and as to those matters, I believe them to be true.

    2.    The sources of my information, and the grounds of my belief as to all matters in the complaint not alleged upon my own knowledge, are reports made to me by employees and records of Bar Harbor Bank & Trust, made and maintained in the ordinary course of its business.

Dated: April 2nd, 2024

                          /s/ Kathleen Spruce
                          Kathleen Spruce, AVP
                          Bar Harbor Bank & Trust

Subscribed and sworn to me this 2nd day of April 2024.

                          /s/ Cary Carver Jr.
                          Notary Public
                          My Commission Expires on: April 15th, 2028